*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ERICK ROSEAN ALLEN,

      Defendant-Appellant.

FOR PUBLICATION
October 1, 2019
9:00 a.m.

No. 343225
Monroe Circuit Court
LC No. 17-243894-FH

Before: BECKERING, P.J., and SAWYER and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right following his jury trial conviction of possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(5). Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 30 to 180 months' imprisonment for possession of less than 25 grams of cocaine, with zero days' credit for time served. We affirm.

On July 12, 2017, defendant was arrested for possession of cocaine, and on July 13, 2017, he was released on his own recognizance. Defendant was on parole at the time of his arrest. Defendant was rearrested on August 16, 2017, for missing a court hearing, and on August 17, 2017, the district court set a cash or surety bond of $5,000. On August 31, 2017, defendant was released from jail after posting bond.

On September 5, 2017, defendant was arrested again because he tested positive for cocaine. Also on that date, a parole detainer was signed asking the Monroe County Jail to hold defendant "until further notice." On September 8, 2017, the trial court set a cash or surety bond of $25,000. On January 8, 2018, defendant was convicted by jury of possession of less than 25 grams of cocaine. Defendant remained in jail until his sentencing hearing on March 1, 2018. Defendant was sentenced to 30 to 180 months' imprisonment with no jail credit.

Defendant argues that he is entitled to jail credit for time served between July 12, 2017, and July 13, 2017, between August 16, 2017, and August 31, 2017, and between September 5, 2017, and March 1, 2018, and that trial counsel was ineffective for failing to argue that defendant was entitled to jail credit for these periods of time. We disagree.

A party preserves an issue for appeal when it raises the issue in the trial court and the court considers the issue. *People v Fyda*, 288 Mich App 446, 460 n 35; 793 NW2d 712 (2010). Defendant did not argue in the trial court that he was entitled to any jail credit. Thus, this issue is unpreserved for appeal. *Id*.

"To avoid forfeiture of an unpreserved, nonconstitutional plain error, the defendant bears the burden of establishing that: (1) error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights." *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003). "To establish that a plain error affected substantial rights, there must be a showing of prejudice, i.e., that the error affected the outcome of the lower-court proceedings." *Id*. at 356. This Court reviews de novo issues of statutory interpretation. *People v Beard*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 346383, issued 4/25/2019); slip op at 3 n 3.

The statute addressing jail credit for time served while awaiting sentencing provides:

Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing. [MCL 769.11b.]

In *People v Idziak*, 484 Mich 549, 552; 773 NW2d 616 (2009), our Supreme Court announced that there is an exception to the jail credit statute:

We hold that, under MCL 791.238(2),[1] the parolee resumes serving his earlier sentence on the date he is arrested for the new criminal offense. As long as time remains on the parolee's earlier sentence, he remains incarcerated, regardless of his eligibility for bond or his ability to furnish it. Since the parolee is not being held in jail "because of being denied or unable to furnish bond," the jail credit statute does not apply.

---

[1] MCL 791.238(2) provides:

A prisoner violating the provisions of his or her parole and for whose return a warrant has been issued by the deputy director of the bureau of field services is treated as an escaped prisoner and is liable, when arrested, to serve out the unexpired portion of his or her maximum imprisonment. The time from the date of the declared violation to the date of the prisoner's availability for return to an institution shall not be counted as time served. The warrant of the deputy director of the bureau of field services is a sufficient warrant authorizing all officers named in the warrant to detain the paroled prisoner in any jail of the state until his or her return to the state penal institution.

This case presents a question that *Idziak* did not squarely address. What happens when a parolee is held before sentencing because he is unable to furnish bond and no parole detainer is in effect?[2] Here, defendant was jailed between July 12, 2017, and July 13, 2017, and between August 16, 2017, and August 31, 2017, before, according to the prosecutor, a parole detainer was signed after defendant's arrest on September 5, 2017. While *Idziak* clearly holds that defendant is not entitled to jail credit from the time the parole detainer was signed on September 5, 2017, until the date of his sentencing on March 1, 2018, *Idziak* does not specifically address whether defendant is entitled to jail credit for his earlier periods of jail time.

But the *Idziak* Court did observe that when a parolee is arrested on a new offense, and is lodged in jail, the parolee is considered to still be serving his original sentence:

> While on parole, the prisoner "shall be considered to be serving out the sentence imposed by the court," MCL 791.238(6), but he "remain[s] in the legal custody and under the control of the department," MCL 791.238(1). When there has been a "probable violation of parole," the DOC may issue a warrant for the parolee's return. MCL 791.238(1). Moreover, if "reasonable grounds" exist to believe that the parolee violated his parole, he may be "arrested without a warrant and detained in any jail of this state." MCL 791.239.
>
> Under MCL 791.238(2), a "prisoner violating the provisions of his or her parole and for whose return a warrant has been issued by the deputy director of the bureau of field services . . . *is liable, when arrested, to serve out the unexpired portion of his or her maximum imprisonment,*" but the "time from the date of the declared violation to the date of the prisoner's availability for return to an institution shall not be counted as time served." (Emphasis added.) Because a paroled prisoner is considered to be serving his sentence as long as he remains in compliance with the terms of his parole, MCL 791.238(6), *except* "from the date of the declared violation to the date of the prisoner's availability for return to an institution," MCL 791.238(2), the second part of MCL 791.238(2) establishes that the time *after* "the date of the prisoner's availability for return to an institution" *is* to be counted as time served against the parolee's original sentence. For a prisoner paroled and arrested again in Michigan, the parolee's "date of . . . availability" is effectively the date of his arrest. See *Browning v Michigan Dep't of Corrections,* 385 Mich 179, 188-189, 188 NW2d 552 (1971). The phrase "date of . . . availability" indicates that the parolee resumes serving his earlier term of

---

[2] In his brief on appeal, defendant states that he was never held on a parole detainer. The prosecutor, however, maintains that a parole detainer was issued on September 5, 2017. Because we conclude that defendant is not entitled to credit for time served regardless whether there was a detainer issued, we need not address this discrepancy. Moreover, while the prosecutor concedes that defendant is entitled to credit for 17 days served before the detainer was issued, we decline to accept that concession as it is erroneous.

imprisonment when arrested and detained in jail even though he has not yet been returned to the physical custody of the DOC.

The Court's discussion covers both the circumstances where the DOC has issued a detainer and when it has not. That is, in either scenario, because the parolee is subject to arrest for a parole violation without a warrant, the parolee continues to serve his original sentence. In sum, while *Idziak* may not have squarely addressed the detainer issue, its analysis covers both circumstances where a detainer is issued and where one was not issued. And, in either case, the parolee is not entitled to any credit for time served on the new offense.

Furthermore, because the issue lacks merit it was not ineffective assistance of counsel for trial counsel not to have raised the issue as there was no prejudice to defendant. *People v Shaw*, 315 Mich App 668, 672; 892 NW2d 15 (2016).

Affirmed.


/s/ Jane M. Beckering
/s/ David H. Sawyer